<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY RICHARDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TYLER MCCORMICK, LEE KAFCHINSKI, and JEREMIAH LNU,<br><br>    Defendants. | No. 23cv21729 (EP) (JRA)<br><br>**OPINION** |

Pro se Plaintiff Kimberly Richardson seeks to bring this action *in forma pauperis* ("IFP") against Defendants Tyler McCormick, Lee Kafchinski, and Jeremiah Lnu. Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-624, when Defendants terminated Plaintiff's employment. D.E. 1 ("Compl." or "Complaint") at 5. Plaintiff alleges that she was discriminated against based on her sex (female), race (African American), and age (53 at the time). *See generally id.* For the reasons discussed below, the Court will **GRANT** Plaintiff's IFP application (D.E. 1-2), and Plaintiff's Complaint will **PROCEED in part**. Thus, Plaintiff's Title VII claim will **PROCEED**, but her ADEA claim will be **DISMISSED without prejudice**.

I.      ANALYSIS

Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Because Plaintiff has

sufficiently established her inability to pay, the Court will grant her IFP application. *See* D.E. 1-2.

However, courts must review an IFP plaintiff's complaint and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[1] 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff proceeds pro se, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

After Plaintiff's employment was terminated, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") ("EEOC Complaint"). *See* D.E. 1-1 (copy of EEOC Complaint). The EEOC reviewed Plaintiff's allegations and found "there is reasonable cause to believe that [Defendants] ha[ve] discriminated against [Plaintiff] on the basis of sex, race[,] and age." D.E. 1-4.[2] Accordingly, the EEOC issued Plaintiff a notice of her right to sue. D.E. 1-5 ("right to sue letter").

Plaintiff brings claims pursuant to Title VII and the ADEA, alleging that she was unlawfully terminated and harassed based on her sex, race, and age because she was "constantly written up and suspended" while similarly situated employees were not. Compl. at 7.

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the Complaint's allegations would survive a properly supported motion to dismiss. *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").

[2] After Plaintiff filed the EEOC Complaint, the EEOC notified Defendants of the charges. D.E. 1-4 at 1. Defendants did not respond, which creates an adverse inference that Plaintiff's allegations are credible. *Id.* at 1-2.

To establish a *prima facie* case under Title VII, a plaintiff must first receive a right to sue letter from the EEOC. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Then, a plaintiff need only to allege "enough facts to raise a reasonable expectation" that she was discriminated against based on her sex and race; this is a liberal standard, especially for pro se plaintiffs. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016). This is a liberal standard, and even more liberal for pro se plaintiffs. *See id.*

Here, Plaintiff received a right to sue letter. D.E.s 1-4, 1-5. Further, Plaintiff's allegations that other employees were not terminated for similar actions coupled with the EEOC's finding that "there is reasonable cause to believe that violations have occurred," D.E. 1-4 at 1-2, easily satisfies this liberal standard. The Court will permit Plaintiff's Title VII claim to proceed.

The ADEA prohibits discrimination by employers based on age. *Acevedo v. Monsignor Donovan High School*, 420 F. Supp. 2d 337, 341 (D.N.J. 2006). A plaintiff must establish that (1) she was over forty years old at the time of discharge; (2) she was qualified for the position she was discharged from and was performing her duties satisfactorily; (3) her employment was discharged despite her qualifications and performance; and (4) her employer ultimately filled the position with a person sufficiently younger than plaintiff. *Id.* (citing *Narin v. Lower Merion Sch. Dist.*, 206 F.3d 323, 331 (3d Cir. 2000)). Here, construing the Complaint liberally, Plaintiff establishes all but the last element. Nowhere does Plaintiff allege that her employer replaced her position with someone sufficiently younger. Therefore, the Court will dismiss Plaintiff's ADEA claim without prejudice. This means that Plaintiff may move to amend her Complaint pursuant to Federal Rule of Civil Procedure 15 to reassert this claim by alleging appropriate facts.

## II. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Plaintiff's IFP application (D.E. 1-2) and her Complaint (D.E. 1) will **PROCEED in part**. Plaintiff's Title VII claim will **PROCEED**, but her ADEA claim will be **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.


Dated: April 10, 2024

Evelyn Padin, U.S.D.J.