<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KIMBERLY RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>TYLER MCCORMICK, LEE KAFCHINSKI, and JEREMIAH LNU,<br><br>Defendants. | No. 23cv21729 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Kimberly Richardson alleges that Defendants Tyler McCormick ("McCormick"), Lee Kafchinski ("Kafchinski"), and Jeremiah Cooke[1] ("Cooke") violated Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2000e17, when Defendants terminated Plaintiff's employment.  D.E. 1 ("Complaint" or "Compl.").  Defendant McCormick moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2]  D.E. 17 ("Motion" or "Mot.").  Plaintiff does not oppose the Motion.[3]  The Court decides the matter without oral argument.  *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b).  For the reasons below, the Court will **GRANT** Defendant's Motion and **DISMISS** Plaintiff's Title VII claim *with prejudice*.

---

[1] Plaintiff did not provide Defendant Cooke's last name, which was clarified in Defendant's Motion.  D.E. 17-1 at 1 n.2.

[2] Hereinafter, "Defendant" refers only to McCormick.

[3] Nevertheless, "the Court must address unopposed motions to dismiss a complaint on the merits." *Estate of Casella v. Hartford Life Ins. Co.*, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)).

## I.     BACKGROUND[4]

Plaintiff was employed as a driver at Sweetie Boy Transportation, a company owned by Defendant.  Compl. at 2, 9.  Plaintiff alleges she was wrongfully terminated based on her race, sex, and age, in part because she was "[c]onstantly written up" and "suspended," while similarly situated employees were not.  *Id.*  Defendant McCormick ignored Plaintiff's calls after she was terminated on April 4, 2023.  *Id.* at 7.  On April 11, 2023, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  *Id.* at 10.   The EEOC found reasonable cause to believe that Defendants discriminated against Plaintiff and issued her a notice of right to sue.  D.E. 1-4; 1-5.

## II.    PROCEDURAL HISTORY

Plaintiff filed the Complaint on October 31, 2023, alleging that Defendants violated Title VII and the Age Discrimination in Employment Act ("ADEA"), 29. U.S.C. §§ 621-624 when Defendants terminated Plaintiff's employment.  Compl. at 4.  Plaintiff sought to bring the action *in forma pauperis* ("IFP").  D.E. 1-2.  On April 10, 2024, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, granted Plaintiff IFP status, and dismissed Plaintiff's ADEA claim *without prejudice.*  D.E. 3.  Defendant McCormick now moves to dismiss the remaining Title VII claim.  Mot.  Plaintiff does not oppose.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under

---

[4] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A motion to dismiss "should not ordinarily be granted 'solely because it has not been opposed.'"  *Miller v. Culmac Invs., Inc.*, No. 20-456, 2020 WL 7868139, at *2 (D.N.J. Dec. 31, 2020) (quoting *Stackhouse*, 951 F.2d at 30.

any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citations omitted). As Plaintiff is proceeding *pro se,* the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

## IV.    ANALYSIS

Individual employees are not liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). Defendant argues that although Plaintiff pleads that Defendant is an actual owner, he still cannot be liable under Title VII. Mot. at 5. The

Court agrees.  "Case law . . . including cases from the district courts in this Circuit . . . have held that an individual, even if a sole owner of the business, cannot be liable as an 'employer'" under Title VII.  *Mann v. Estate of Meyers*, 61 F. Supp. 3d 508, 528 (D.N.J. 2014).   Accordingly, the Court will **DISMISS** Plaintiff's Title VII claim against Defendant McCormick *with prejudice*.

Plaintiff has not demonstrated proof of service for Defendants Kafchinski and Cooke.  *See* D.E.s 12, 13; Fed. R. Civ. P. 4(m).  Nevertheless, as Plaintiff alleges Defendants Kafchinski and Cooke were employees of Sweetie Boy Transportation, Compl. at 2-3, they would not be subject to individual liability under Title VII either.   *Sheridan*, 100 F.3d at 1078.  The screening procedures for IFP complaints require the Court to dismiss a case *sua sponte* if the complaint fails to state a claim upon which relief may be granted.  *Rhodes v. Camden Redevelopment Agency*, No. 20-20337, 2021 WL 71597, at *2 (D.N.J. Jan. 8, 2021); *see also Trimble v. Shaw*, No. 13-172, 2014 WL 345335, at *5 (W.D. Pa. Jan. 30, 2014) ("[S]ervice has not been effected against Defendant [] and . . . no Motion to Dismiss has been filed on his behalf. But the Court may, given its obligations regarding the efficient use of judicial resources as reflected in the law regarding *sua sponte* dismissal of *in forma pauperis* . . . dismiss this action against Defendant [] as well."). Accordingly, the Court will also **DISMISS** Plaintiff's Title VII claim against Defendants Kafchinski and Cooke **with prejudice**.

Lastly, in its original screening opinion, D.E. 3, the Court dismissed Plaintiff's ADEA claim *without prejudice* and with leave to amend.  D.E. 4.  In addition to failing to oppose the pending Motion, Plaintiff also has not moved to amend the claim previously dismissed *without prejudice*.  The Court will provide Plaintiff 30 days to amend the Complaint to address the deficiencies in the prior opinion.  Failure to do so will result in dismissal *with prejudice*.

## V.      CONCLUSION

For the reasons above, the Court will **GRANT** Defendant's Motion, D.E. 17.  The Court will **DISMISS** Plaintiff's Title VII claim ***with prejudice***.  An appropriate Order accompanies this Opinion.


Dated: July 11, 2024

                                                  s/ Evelyn Padin
                                                Evelyn Padin, U.S.D.J.